ROGERS, Circuit Judge,
concurring in part. I join the court’s opinion save in two respects.
First, I concur in holding that appellant Angelene Hardaway has standing under Article III of the Constitution, and that appellants’ claims arising out of denials of requests for accommodation under the Housing Choice Voucher Program — a federally funded program administered locally by the D.C. Housing Authority, see 42 U.S.C. § 1437f(b)(l)-r-are not moot.-
Due to her disability, Angelene had received approval in February 2013 from Montgomery County, Maryland for her sister Lena to serve as her live-in aide, entitling Angelene to a two-bedroom housing voucher. When she subsequently moved to the District of Columbia, she was issued a two-bedroom voucher by the D.C. Housing Authority pursuant to the voucher program’s portability requirements. See id. § 1437f(r)(1); 24 C.F.R. §§ 982.353(b), 982.355. A month later, however, the Authority, by letter of July 9, 2013, denied Angelene’s request for a live-in aide. See Compl. ¶ 13. That letter provided grounds to find that rescission of live-in aide approval jeopardized Angelene’s entitlement to a two-bedroom apartment under the voucher program. . See 28 C.F.R. § 982.402(b)(7), This was sufficient to establish the requisite injury-in-fact under Article III, and Angelene otherwise meets the causation and redressibility requirements. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
The Authority’s September 26, 2013, letter, which affirmed the denial of a live-in aide but did not rescind the two-bedroom voucher, did not moot appellants’ claims. See Already, LLC v. Nike, Inc., — U.S. —, 133 S.Ct. 721, 726-27, 184 L.Ed.2d 553. (2013). That letter did not cite authority under which Angelene remained entitled to a two-bedroom unit once the Authority had disapproved her live-in aide. Neither did it indicate that Lena Harda-way qualified as a family member under 24 C.F.R. § 982.551(h)(2). Nor did it otherwise establish that Angelene’s legal entitlement to a two-bedroom apartment was unaffected by the líve-in-áide denial. It thus' appears that the Authority’s September 26 letter amounts to nothing more than “an act of administrative grace.” Op. at 979.
Because it is unnecessary, at this stage of the proceedings, for the court to decide more, and the matter has not been fully briefed, however, I would defer opining on whether appellants faced eviction or whether the Authority could lawfully acquiesce to appellants remaining in the two-bedroom apartment.
*982 Second, I concur in holding that the district court abused its discretion in denying appellants’ motion to seal because it failed to apply the factors in United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980), and erred in finding no medical record had been filed, see Order at 2 n.1 (Sept. 5, 2013). Appellants moved to seal in part because public disclosure of Angelene’s medical records relating to her disability could adversely affect her employment prospects. Mot. to Seal at 2. In the district court, the Authority did not dispute her assertion about adverse impact on her employment prospects, and on appeal expressed no objection to such sealing, Oral Arg. Rec. 34:33-39. Regardless, notwithstanding the strong presumption that the public shall have access to judicial proceedings, see Nixon v. Warner Commc’ns, Inc., 435 U.S. 589, 597-98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), I concur in holding that Angelene’s medical records relating directly to her disability that are currently in the record on appeal, and the redacted portions of the joint appendix on appeal, appellee’s brief, and the opening brief filed on her behalf by amicus, should be sealed.
As regards additional sealing, the court has decided to opine regarding certain documents that may be presented in future proceedings. Op. at 980-81. I would leave that question to the district court to decide, in the first instance, upon applying the Hubbard factors, and taking into account appellants’ pro se status. See Order at 2 n.l (Sept. 5, 2013). It is not inconceivable that future distinctions may be appropriately drawn, even as to types of medical records.